IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BIO-MEDIAL APPLICATIONS OF )
TENNESSEE, INC. d/b/a BMA OF )
KINGSPORT individually and as )
ASSIGNEE OF PATIENT, )
 )
            Plaintiff, )
 )
v. )        No. 2:08-CV-228
 )
CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS HEALTH AND )
WELFARE FUND, )
 )
            Defendant. )

## MEMORANDUM OPINION

Four motions are currently pending before the court:

1. "Defendant's Motion to Dismiss Count II" [doc. 11];

2. "Defendant's Motion to Strike" [doc. 14];

3. "Plaintiff's Motion for Summary Judgment" [doc. 19]; and

4. "Defendant's Motion to Stay Summary Judgment Proceedings" [doc. 21].

For the reasons that follow, the partial motion to dismiss will be granted and the remaining

motions will be denied.

# I.

## *Applicable Legal Standards*

The Federal Rules of Civil Procedure authorize dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "When evaluating a motion to dismiss brought pursuant to rule 12(b)(6), the factual allegations in the complaint must be regarded as true." *Windsor v. Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983).

# II.

## *Background*

Taking all allegations of the complaint as true for purposes of the present motion, plaintiff operates a kidney dialysis center. Plaintiff is also the assignee of the retiree health care benefits of a now-deceased patient insured by defendant's group plan.

The patient became entitled to Medicare as a result of end stage renal disease ("ESRD"). When it became aware of the Medicare eligibility, defendant terminated patient's insurance coverage in violation of § 1395y(b)(1)(C) of the Medicare Secondary Payer statute ("MSP").[1]

---

[1] The MSP is designed to reduce health care costs by making Medicare "the secondary payer for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer." *Stalley v. Methodist Healthcare*, 517 F.3d 911, 915 (6th Cir. 2008) (citation (continued...)

Count one of the present complaint seeks to recover benefits due under the plan. Count two alleges a private cause of action under the MSP.

III.

*Analysis*

A. <u>Motion to Dismiss</u>

Defendant asks the court to dismiss count two of the complaint for failure to state a claim upon which relief can be granted. Among the theories advanced by defendant is the argument that a necessary condition precedent has not been satisfied. The court must agree.

In addition to providing recourse for the United States, the MSP establishes a private cause of action where a "primary plan . . . fails to provide for primary payment . . . ." 42 U.S.C. § 1395y(b)(3)(A). Courts interpreting the private cause of action provision have concluded that a "primary plan" cannot have "failed to provide payment" unless the responsibility for making such primary payment has already been "demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." *See Glover v. Liggett Group*, 459 F.3d 1304, 1308-10 (11th Cir. 2006)

_____

[1](...continued)
omitted).

(quoting 42 U.S.C. § 1395y(b)(2)(B)(ii)); *accord Fresenius Med. Care Holdings v. Brooks Food Group*, No. 3:07CV14-H, 2007 WL 2480251, at *7 (W.D.N.C. Aug. 28, 2007); *Stalley v. Erlanger Health Sys.*, No. 1:06-CV-194, 2007 WL 672301, at *5 (E.D. Tenn. Feb. 28, 2007); *Stalley v. Sumner Reg'l Health Sys.*, No. 2:06-0074, 2007 WL 173686, at *7 (M.D. Tenn. Jan. 18, 2007). Until a plan's responsibility for primary payment has been demonstrated in accordance with § 1395y(b)(2)(B)(ii), a private cause of action under the MSP is not viable. *See id.* The issue of responsibility for primary payment cannot be simultaneously litigated as part of an MSP private suit for damages under § 1395y(b)(3)(A), *see Glover*, 459 F.3d at 1309, and the "other means" of demonstrating primary responsibility under 1395y(b)(2)(B)(ii) must be akin to the enumerated means of judgment, settlement, or contractual obligation. *See Erlanger*, 2007 WL 672301 at *5.

Plaintiff chose not to respond to defendant's 12(b)(6) motion by the traditional means of a response brief. Instead, plaintiff filed a summary judgment motion accompanied by a hybrid "Memorandum in Opposition to Defendant's Motion to Dismiss Count II and in Support of Plaintiff's Motion for Summary Judgment." After multiple reviews of that memorandum, the court concludes that plaintiff has in no way addressed the fundamental condition precedent issue in this case. Therefore, because plaintiff has not addressed the necessary prior "demonstration" of primary payer liability, defendant is entitled to dismissal of count two for failure to state a claim upon which relief can be granted. *See Scheid*, 859

4

F.2d at 436 (a complaint's bare assertion of legal conclusions is insufficient).[2]

## B. Remaining Motions

Defendant moves, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike portions of count one of the complaint. Defendant argues that plaintiff is seeking relief beyond that available through the Employee Retirement Income Security Act.

Rule 12(f) requires that a motion to strike must be filed prior to responding to the relevant pleading. *See* Fed. R. Civ. P. 12(f)(2). Because defendant did not file its Rule 12(f) motion [doc. 14] until after it had answered the complaint [doc. 10], the motion to strike must be denied as untimely.

Plaintiff's summary judgment motion, to the extent that it addresses the now-dismissed count two, must be denied as moot. Because the motion focuses primarily - albeit unpersuasively - on count two, the motion will in all other respects be denied with leave to refile a motion pertaining to the remaining issues in the case. Because the present summary judgment motion will be denied, defendant's motion to stay summary judgment will also be

---

[2] Having dismissed count two on condition precedent grounds, the court need not address defendant's alternate theories in support of dismissal. The court is compelled, however, to express its sincere skepticism that defendant's reliance on *Blue Cross & Blue Shield of Texas v. Shalala*, 995 F.2d 70 (5th Cir. 1993), is of any relevance whatsoever to the instant case. The *Shalala* court excused a *continuation insurer's* noncompliance with the MSP based on an exception found in the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). By contrast, COBRA does not appear to be an issue in the case at bar. Instead, presently before the court is a seemingly clear requirement in the MSP expressly pertaining to ESRD patients.

denied as moot.

An order consistent with this opinion will be entered. By separate order, the court will set this case for a telephonic scheduling conference.

ENTER:

_____s/ Leon Jordan_____
United States District Judge